July 19, 2024

**VIA CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: Response to Rule 28(j) Letter
*U.S. Securities and Exchange Commission v. Spartan Securities Group, Ltd., et al. (No. 22-13129)*

Dear Mr. Smith,

We respond to Plaintiff-Appellee's July 17, 2024 letter regarding *SEC v. Navellier & Assocs., Inc.*, __ F.4th __, 2024 WL 3423045 (July 16, 2024).

Beyond identifying a split between the First and Second Circuits regarding whether investors must "suffer pecuniary harm as a precondition to a disgorgement award[,]" *id.* *13 n.14, that case provides little guidance to this Court in this matter.

First, the case appears to partially turn on uncited First Circuit-specific precedents. For example, the opinion cryptically states that "neither *Liu* [*v. SEC*, 591 U.S. 71 (2020)] nor our case law, however, require investors to suffer pecuniary harm as a precondition to a disgorgement award." *Id.* But the court never mentions what that case law is.

Second, the First Circuit appears to misread *Liu*. *Liu* does not preclude, as a precondition to an SEC disgorgement award, a showing that investors suffered

pecuniary harm. And the Second Circuit's pecuniary harm analysis in *SEC v. Govil* is a logical outgrowth of *Liu*. *See* Doc. 63.

Finally, the First Circuit recognized that *Liu* "held that a disgorgement award must be awarded for victims" explaining that "'the SEC's equitable, profits-based remedy must do more than simply benefit the public at large by virtue of depriving a wrongdoer of ill−gotten gains.'" *Navellier & Assocs.*, *13 n.14 (quoting *Liu*, 591 U.S. at 74). Consistent with *Liu*, the court observed that the "SEC 'intends to distribute to the [company's] clients any disgorgement awarded'" and that the disgorgement ordered in *Navellier & Assocs.* "will thus do more than simply benefit the public at large—it will remedy a direct harm to [the company's] clients." *Id.*

But the same is not true here, where the SEC has never identified any victims in the decade since the alleged conduct occurred, Reply Br. at 21, and SEC intends to send the disgorged money to the Treasury. Br. 46−47; Reply Br. 21−22. Thus, any disgorgement awarded will, at best, simply benefit the public at large through its deposit into the public fisc, an outcome foreclosed by *Liu*, and apparently *Navellier & Assocs.*

Very truly yours,

*/s/ Kara M. Rollins*

KARA M. ROLLINS
JOHN J. VECCHIONE
NEW CIVIL LIBERTIES ALLIANCE
1225 19th St. NW, Suite 450
Washington, DC 20036
Phone: (202) 869-5210
Fax: (202) 869-5238
Kara.Rollins@ncla.legal
John.Vecchione@ncla.legal
*Counsel for Defendant-Appellant*
*Island Capital Management*

cc:     All counsel of record via CM/ECF

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

*SEC v. Spartan Securities Group, Ltd.*, No. 22-13129

Defendant-Appellant relies on the CIP in Defendants-Appellants' opening brief, Doc. 20, as amended and attached to their November 2, 2023 Rule 28(j) Letter, Doc. 60, as required by Fed. R. App. P. 26.1, 11th Cir. R. 26.1, and 11th Cir. R. 26.1-2(b).

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

*/s/ Kara M. Rollins*


KARA M. ROLLINS

**CERTIFICATE OF COMPLIANCE**

This notice complies with Federal Rule of Appellate Procedure 28(j) because it contains 348 words.

/s/ Kara M. Rollins
KARA M. ROLLINS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Kara M. Rollins
KARA M. ROLLINS